

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 9:13-CR-24(1) |
| | § | |
| CYNTHIA GAIL SMITH | § | |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now its enters its recommendation that the District Court find the defendant, Cynthia Gail Smith, competent to proceed.

A. <u>Procedural Background and the Forensic Psychologists' Reports</u>

On January 9, 2014, pursuant to the motion of counsel, the undersigned entered an order directing the mental examination of the defendant to determine her competency to stand trial (doc. #62). In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or psychologist to determine whether, pursuant to 18 U.S.C. § 4241, she is suffering from a mental disease or defect rendering her mentally incompetent to the extent she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

On March 10, 2014, the Court received notification from the warden of the Federal Medical Center (FMC) in Fort Worth, Texas, that the clinical staff at the FMC had completed the evaluation of Ms. Smith and determined that she does not currently display symptoms of mental illness which render her unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The Court received the accompanying report prepared by Ashley Noble, forensic psychologist with the FMC.

Upon receipt of the report from the FMC, Ms. Smith's attorney filed a motion to continue the competency hearing and a motion to appoint an expert witness in which counsel requested that another qualified psychologist be allowed to examine Ms. Smith regarding her mental health. On April 10, 2014, the undersigned United States Magistrate Judge conducted a hearing on defendant's counsel's requests. On the same day, the Court granted the motion to appoint an expert and granted counsel approval under the CJA to retain an outside expert to evaluate Ms. Smith. *See Order* (doc. #104).

On May 27, 2014, the Court received Dr. Ray Coxe's report of his psychological evaluation conducted on Ms. Smith. Dr. Coxe also concluded that Ms. Smith is competent to proceed. Dr. Coxe, like the forensic staff at the FMC, offered suggestions for communicating with Ms. Smith about her case. Both competency reports, which reflect the examiners' methods of evaluation and opinions in detail and set forth the corresponding psychological findings and recommendations, have been filed in the record under seal (doc. #98, doc. #119) and provided to both the defendant's attorney and the attorney for the Government.

On June 3, 2014, the Court conducted a competency hearing to address the psychological findings. While the defendant's attorney stated that he did not agree with the examiners' conclusions

as to competency, neither party objected to the admission of the reports into the record. No additional evidence was presented at the competency hearing

B.    Conclusion and Recommendation

Based upon the opinions issued by the forensic psychological examiners and as set forth in two separate reports, the undersigned United States Magistrate Judge recommends that the District Court find the defendant, Cynthia Smith, competent to proceed pursuant to 18 U.S.C. § 4241.

C.    Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 4th day of June, 2014.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE